IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LELAND THOMAS CORSO, JR.,         )
                                  )
            Petitioner,           )
                                  )
      v.                          )        1:24CV759
                                  )
TODD ISHEE,                       )
                                  )
            Respondent.           )

## ORDER

On August 18, 2025, the United States Magistrate Judge's Order and Recommendation was filed and notice was served on the parties in accordance with 28 U.S.C. § 636(b). (Docs. 33, 34.) Petitioner filed a document titled "Petitioner's Objection to Magistrate Judge's Order and Recommendation; and Motion for Recusal, with Incorporated Brief." (Doc. 37 (capitalization adjusted for ease of reading).) Because Petitioner's filing is dated within the time limit set by the court for filing a response (Doc. 11), the court accepts it as timely.

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objections were made and has made a de novo determination in accord with the Magistrate Judge's report. The court therefore adopts the Magistrate Judge's Recommendation. In doing so, the court states the following about Petitioner's filing.

Among other things, Petitioner's objection asserts that the

Recommendation "involved an unreasonable application of clearly established [f]ederal law, and was an unreasonable determination of facts in light of the evidence, which shows personal bias and prejudice." (Doc. 37 at 2.) Petitioner also seeks the recusal of Magistrate Judge Joi Elizbeth Peake and District Judge C. Loretta Biggs.

Petitioner argues that his counsel performed deficiently and prejudicially by failing to fulsomely investigate Petitioner's defenses to the criminal charges against him, prior to his April 8, 2013 Alford plea, which he contends would have disproven that he was the person in a video of a male having sex with an underage victim in Petitioner's bedroom. In Petitioner's own words,

> [t]he thrust of this IAC [ineffective assistance of counsel] claim is the fact that counsel failed to perform a complete and thorough investigation of the evidence that was known to him, shown by his refusal to compel production of subpoenaed evidence and the court record showing his refusal to consider exclusion through the visible HPV symptoms, which is compounded by counsel's failure to investigate postconviction courses of action before the entry of a plea . . . ."

(Doc. 37 at 12-13.) But as the Recommendation thoroughly and persuasively reasons: (1) three of Petitioner's claims for relief are not properly before this court because his attacks on the collateral proceedings in state court cannot be raised in federal habeas actions (see Doc. 33 at 7); (2) Petitioner's remaining claim for ineffective assistance of counsel is untimely (see id. at 7-11); and (3) even if that claim were timely, it would fail on its

2

merits (see id. at 11-21).  Nothing in Petitioner's objection changes this reasoning or the outcome.  As the Recommendation notes, "[t]he basic, and insurmountable, obstacle for Petitioner is that if he went to trial, he faced overwhelming evidence of his guilt."  Id. at 18.  In light of this reality, Petitioner cannot show that his counsel's performance was either unreasonable or prejudicial within the meaning of Strickland v. Washington, 466 U.S. 668 (1984).  Even less so can Petitioner demonstrate that the state court's determination on his ineffective assistance claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," as he must demonstrate to prevail under 28 U.S.C. § 2254(d).

As to Petitioner's request for recusal, Petitioner cites Title 28, U.S. Code, Sections 144 and 455(a) and (b)(1).  Section 144 addresses bias or prejudice by the court and requires the filing of a "timely and sufficient affidavit" demonstrating the grounds for a judge's bias or prejudice, which shall be filed "not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time."  Section 455 provides in pertinent part:

3

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
>   (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
>
>   (2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
>
>   (3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy . . . .

Petitioner claims that Judge Biggs showed a "deep-seated favoritism for the Respondent." (Doc. 37 at 3.) Apart from there being no factual support for this contention, this claim is moot. As a result of Judge Biggs's transition to Senior Status, this case was reassigned to the undersigned on August 14, 2025. See Text Order of August 14, 2025. Thus, Judge Biggs has no involvement in this case at this time.

As to Judge Peake, it is not clear what relief Petitioner is seeking to the extent that Judge Peake has already issued her Recommendation. Petitioner claims that in a previous recommendation in Petitioner's prior case challenging his loss of

4

good conduct credit for disciplinary infractions, Corso v. Ishee, No. 22cv274, Judge Peake accepted Respondent's representation that a prison video of events surrounding Petitioner's claims no longer existed and that she "lied" by stating that no video of the incident existed. (Doc. 37 at 3-5.) But a review of Judge Peake's recommendation in that case demonstrates that her statements accurately reflected what the affidavits showed. (See Doc. 16-4 in Case No. 22cv274 at ¶ 4 (stating "there is no footage of the incident occurring in the Tan 2 F Pod where the inmate refused orders"). Petitioner also makes a generalized statement that Judge Peake showed favoritism in Corso v. Ishee, No. 22cv666. However, Petitioner fails to note that he sought to voluntarily dismiss that action and that Judge Peake recommended that he be permitted to do so; Judge Biggs adopted the recommendation. (Docs. 63, 66, 68 in case no. 22cv666.)

More to the point, Judge Peake merely considered Petitioner's various claims in this case and issued recommendations in other cases filed by Petitioner. See Corso v. Ishee, 22cv274; Corso v. Ishee, 22cv666. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994).

5

Cf. Brocksmith v. United States, 107 F.3d 13 (7th Cir. 1997) (unpublished table decision) (holding that having presided over the defendant's trial and sentencing did not disqualify the judge from ruling on the defendant's Section 2255 motion); Pouncy v. Casey, 838 F.2d 1210 (4th Cir. 1988) (unpublished table decision) (rejecting defendant's argument that the judge should have recused himself in a mandamus action seeking reassignment of a civil rights case when the underlying civil rights case had been assigned to that judge). Nothing in Judge Peake's well-reasoned Recommendation remotely hints at any basis for recusal.

Finally, the court notes that Petitioner's objection contains personal attacks on the integrity of Judge Biggs and Magistrate Judge Peake. (See Doc. 37 at 2-5 (accusing Judge Biggs and Judge Peake of having "lie[d] about evidence on a public record to shield executive branch government agents" in another case).)[1] Such calumnious treatment of members of the judiciary is justified neither by a litigant's pro se status nor his sincerely held beliefs in the wrongness of a decision and is, in a word, unacceptable. Neither the liberal pleading rules nor generous pro

---

[1] As noted, one of the other cases was Corso v. Ishee, 22cv274, where Petitioner's appeal was dismissed by the Fourth Circuit by unpublished per curiam opinion denying a certificate of appealability. (Doc. 41 in case no. 22cv274.) The other case Petitioner cites is Corso v. Ishee, 22cv666, where judgment was entered on June 3, 2024, adopting Petitioner's request to dismiss his action (Doc. 68 in that case) and Petitioner did not appeal. Petitioner has thus had an opportunity to challenge the decisions in those cases, and any attempt to collaterally attack them here is unpersuasive.

6

se practices of the courts has eliminated "the time-honored notion that the law and the courts of the United States are important parts of American society worthy of respect." Theriault v. Silber, 579 F.2d 302, 303 (5th Cir. 1978) (dismissing an appeal with prejudice because the pro se appellant's notice of appeal contained "vile and insulting references to the trial judge"). Petitioner's pro se status is not a license to engage in abusive conduct, and while any litigant understandably may disagree strongly with a decision of a judicial officer, Petitioner is warned against further personal attacks on the Magistrate and District Judges or any judicial officer of the federal courts. See id.; 18 U.S.C. § 401(1).

For these reasons, therefore,

IT IS ORDERED that Respondent's motion for summary judgment (Doc. 25) is GRANTED, that Petitioner's motion for summary judgment (Doc. 19) is DENIED, that the Petition (Doc. 2) is DENIED, that this action is DISMISSED, and that there being neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is DENIED.

IT is FURTHER ORDERED that Petitioner's motion to recuse is DENIED. Petitioner is WARNED against making any further personal attacks on the Magistrate Judge or any judicial officer of the court.

7

/s/   Thomas D. Schroeder
                                    United States District Judge
September 30, 2025